SCANNED AT CCI and E-Mailed
to USDC OHSD on 11/2,
2023 by CPunnill
No. of Pgs. 56

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Norman Burke

    Plaintiff,

Vs.

Aramark Correctional Services et al,

    Defendant.

Case No: 2:22-CV-04421

Judge: Marbely
Magistrate Judge: Deavers

---

**MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

---

Now comes Plaintiff Norman Burke, acting in Pro Se, fashion respectfully moving this

Honorable court to grant his Motion for Leave to File his Second Amended Complaint.

Memorandum in Support attached hereto.


Norman Burke
Inmate No. A744263
15802 State Route 104 N
Chillicothe Ohio, 45601

**PLAINTIFF-PRO SE.**

1

## MEMORANDUM IN SUPPORT

On December 21, 2022 the following transactions was entered for the Plaintiff Burke v. Aramark Correctional Services et at DOC No. (1). On January 11, 2022 related case memorandum order DOC. No (3). On May 17, 2023 Court grants Plaintiff motion to proceed informa pauperis DOC No. (4). On May 17, 2023 Plaintiff complaint against Aramark is filed DOC. No. (5). On May 17, 2023 Plaintiff received the Honorable Magistrates Judge report and recommendation DOC. No (6). On May 30, 2023 Plaintiff files for an extension of time DOC. No (7). On May 31, 2023 Court grants extension of time Complaint due no later than July 14, 2023 DOC. No. (7). On July 05, 2023 Plaintiff files a motion to Amend Complaint DOC. No. (9). On July 12, 2023 Plaintiff filed his Amended Complaint DOC. No. (10). On July 26, 2023 Plaintiff filed for an Issue of service on Meredyth McLaughlin the Health Care Administrator at the Warren Correctional Institution Natasha Artentz 'Nurse Practioner" DOC. No. (11). On July 26, 2023 Plaintiff filed a Motion to seek a "control number" from the Ohio Department of Rehabilitation and Corrections DOC. No. (12). On July 26, 2023 the Court issued a case memorandum in relation to related cases. Specifically, Hill v. Aramark Correctional Services et al, case no. 1:23-cv-406 DOC. No. (14) PAGEID NO. 213.

Plaintiff now requests leave to file a Second Amended Complaint due to him seeking a public records request O.R.C 149.43 regarding the Aramark Food Service incident on November 27, 2021 he was able to gain the incident report and video footage from the incident in question.

The Plaintiff obtained the incident report and video footage through seeking out a public records request O.R.C 149.43. Plaintiff has obtained names of new Defendants that should be included in the second amended complaint that had direct knowledge of the incident with Aramark and failed to act with reasonable care for the Plaintiff, and the inmate population health

and safety. On December 01, 2021 Lt. Kayla Stebelton wrote an incident report regarding a food service incident with Aramark Manager Woods retrieving food out of the trash can after inmate porter sweep the floor and discarding the remains in the trash on top of the food.

Lt. Kayla Stebelton completed the incident report and at the end of the report acknowledge that she would notify Deputy Warden Robert Welch.

Deputy Warden Robert Welch, and Lt. Kayla Stebelton were deliberate indifferent towards the Plaintiff, and the inmate population. Deputy Warden Robert Welch and Lt. Kayla Stebelton both knew of the incident on December 01, 2021 prior to the inmates knowing that they had been intentionally poisoned by eating food that knowingly came out of a contaminated trash can. Yet Deputy Warden Robert Welch, and Lt. Kayla Stebelton never informed the Plaintiff, or the inmate population that a substantial risk of serious harm existed from them consuming contaminated food.

On December 02, 2021 Plaintiff wrote his informal complaint to Deputy Warden of Administration about the illness he had been experiencing. Deputy Warden Robert Welch, Lt. Kayla Stebelton and W.C.I officials from this moment on through threats, intimidation, retaliation, and harassment have engaged in a pattern of corrupt activity to protect Aramark and W.C.I officials at all cost as stated in the amended complaint. DOC. No. (10).

Deputy Warden Robert Welch, and Lt. Kayla Stebelton actions showed they operated with a malicious state of mind because they knew of and disregarded an excessive risk to Plaintiff health or safety. Deputy Warden Robert Welch, and Lt. Kayla Stebelton both were aware of facts of Aramark manager Woods retrieving food from the contaminated trash can, and that a substantial risk of serious harm existed and they drew the inference.

3

## CONCLUSION

**WHEREFORE,** the Plaintiff concludes that this Honorable Court should grant his

motion for leave to file a Second Amended Complaint.

Respectfully submitted,

Norman Burke

## **PROOF OF SERVICE**

I certify that a true copy of this motion has been sent by Regular U.S. mail to the below listed Defendant's:

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION
4545 Fisher Rd.
Columbus Ohio, 45321

Wanza Mitchell –Jackson
5787 State route 63
Lebanon Ohio, 45036

Isaac Bullock
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Sgt. Maggard"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Unit Manager Williams"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Unit Manager Kearns"
5787 State route 63
Lebanon Ohio, 45036

David Agee
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
Lt. "Tatman "
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Lt.Sandridge"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Koch",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Wells"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Sedlitz"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Morris"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Health Care Administrator"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Sky Murray"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Physician"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Penunzio"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Deputy "Luneke"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Captain Back"
5787 State route 63
Lebanon Ohio, 45036

John Doe known a
"C.O Epperson"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Farmer",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Unit Manager Machintosh"
5787 State route 63
Lebanon Ohio, 45036

Aramark Correctional Services LLC
2400 Market Street
Philadelphia, Pa 19103-3041

Aramark "supervisor"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Rachel"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Woods"
5787 State route 63
Lebanon Ohio, 45036

Natasha Arentz
Nurse Practitioner
5787 State route 63
Lebanon Ohio, 45036

Lt. Kayla Stebleton
5787 State route 63
Lebanon Ohio, 45036

Deputy Warden Robert Welch
5787 State Route 63
Lebanon Ohio 45306

And electronically filed both on this _10_ day of ~~July~~ October 2023.

*Norman Burke*

Norman Burke
Inmate No.744263
15802 State Route 104 N
Chillicothe, Ohio 45601

**PLAINTIFF-PRO SE.**

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT
## WESTERN DIVISION

Norman Burke
15802 State Route 104 N
Chillicothe, Ohio 45601

       Plaintiff,

Vs.

Aramark Correctional Services LLC
2400 Market Street
Philadelphia Pa, 19103-3041

       Defendant,
And

Jane/John Doe "Aramark Supervisor"
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

Jane Doe known as "Ms.Woods"
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Wanza Mitchell –Jackson
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

Case No: 2:22-CV-04421

Judge: Marbely
Magistrate Judge: Deavers

**SECOND AMENDED
CIVIL COMPLAINT**

**JURY DEMAND ENDORSED**

1

And

Isaac Bullock
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

 Sgt. J. Maggard,
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Steven Williams
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Rodney Macintosh
5787 State Route 63
Lebanon Ohio, 45036

       Defendant

And

Jane Doe known as "Case Manager Kearns
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Captain David Agee
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

 Captain Jason Back,

2

5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Lt. Tim Tatman,
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Lt. David Sandridge "Sandman"
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

"C.O Koch",
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

C.O John Wells
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

C.O Ms. Sedlitz,
5787 State Route 63
Lebanon Ohio, 45036

       Defendant,

And

Meredyth McLaughlin
5787 State Route 63
Lebanon Ohio, 45036

3

   Defendant,

And

Natasha Artenz
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

And

Rachel Allen
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

And

Dr. William Harlan
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

And

Dr. Raymond Corbett
5787 State Route 63
Lebanon Ohio, 45036

   Defendant

C.O Ms. Kimberly Panunzio
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

And

Deputy Warden Douglas Luneke,
5787 State Route 63
Lebanon Ohio, 45036

   Defendant.

C.O Fredrick Epperson,
5787 State Route 63

4

Lebanon Ohio, 45036

   Defendant.

C.O Larry Farmer,
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

Lt. Kayla Stebelton
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

Deputy Warden Robert Welch
5787 State Route 63
Lebanon Ohio, 45036

5

## JURISDICTION

¶ 1. This court has jurisdiction over civil rights violations U.S section 1983 cases.

## PLAINTIFF PARTIES

¶ 2. Norman Burke, is a Plaintiff in this action whose address is P.O box 5500 Chillicothe Ohio, 45601, Plaintiff was an inmate housed at Warren Correctional Institution.

## DEFENDANT PARTIES

¶ 3. Aramark Correctional Services, is a Defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this Defendant is being sued in its individual and official capacity.

¶ 4. Jane Doe known as "Ms. Woods", is a Defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this Defendant is being sued in her individual and official capacity. This Defendant was employed by Aramark Correctional Service LLC as a manager.

¶ 5. Jane or John Doe, Aramark Supervisor is a Defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this Defendant is being sued in their individual and official capacity. This Defendant was employed by Aramark Correctional Service LLC as a supervisor over the food coordinator's and inmates overseeing the operation of Aramark within the institution at WCI.

¶ 6. Wanza Mitchell –Jackson, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This Defendant is being sued in her individual and official capacity. This Defendant was employed as the Warden of Warren Correctional Institution.

¶ 7. Isaac Bullock, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as an institutional inspector at Warren Correctional Institution.

¶ 8. "Sgt. J. Maggard", is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections, as a Correctional Officer Sergeant at Warren Correctional Institution.

¶ 9. "Unit Manager" Steven Williams, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Unit Manager at Warren Correctional Institution.

¶ 10. "Case Manager" Ms. Kearns, is a Defendant in this action who's address, 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Case Manager at Warren Correctional Institution.

¶ 11. David Agee, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Captain at Warren Correctional Institution.

¶ 12. Lt. Tim Tatman, is a Defendant in this action who's address, 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Lieutenant at Warren Correctional Institution.

¶ 13. Lt. David Sandridge, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Lieutenant at Warren Correctional Institution.

¶ 14. C.O Koch, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 15. C.O Fredrick Epperson, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 16. C.O Larry Farmer, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 17. C.O John Wells, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 18. C.O Ms. Sedlitz, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 19. Meredyth McLaughlin is a Defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation as the" Health-Care Administrator"

¶ 20. Nurse Practitioner "Natasha Artenz" worked on the 5th of December is a Defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 21. Nurse Practitioner "Rachel Allen" worked on the 5th of December is a Defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 22. Dr. William Harlan worked on the 6th of December is a Defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 23. Dr. Raymond Corbett worked on the 6th of December is a Defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 24. C.O. Ms. Kimberly Penunzio, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in her individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 25. Captain Jason Back, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer "Captain" at Warren Correctional Institution.

¶ 26. Unit Manger Chief Rodney Macintosh is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this Defendant is being sued in his individual and official capacity. This Defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer "Chief Unit Manager" at Warren Correctional Institution.

¶ 27. Deputy Warden Douglas Luneke, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This Defendant is being sued in his individual and official capacity. This Defendant was employed as the Deputy Warden of Warren Correctional Institution.

¶ 28. "Deputy Warden Robert Welch, is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This Defendant is being sued in his individual and official capacity. This Defendant was employed as the Deputy Warden of Warren Correctional Institution.

¶ 29. Lt. Kayla Stabelton is a Defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This Defendant is being sued in his individual and official capacity. This Defendant was employed as the Lieutenant of Warren Correctional Institution.

### **STATEMENTS OF FACTS**

¶ 30. On or about November 27, 2021, Plaintiff Norman Burke, (hereinafter "Plaintiff") was housed at Warren Correctional Institution (hereinafter "W.C.I.") in dorm 1-A, when the dorm was released for institutional dinner.

¶ 31. Plaintiff arrived in the dining hall with other inmates, retrieved a tray from the serving line by Defendant Aramark and its employees, ate the food off of the tray and returned to his unit where he was housed.

¶ 32. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Correctional Service LLC "Manager Woods" and ODRC Correctional Officer's knowingly served or allowed to be served contaminated food to Plaintiff and other inmates of which was removed from a contaminated trash can.

¶ 33. Later that night after he was locked in his cell, started to suffer an upset stomach, with cramping pains, severe diarrhea and vomiting.

¶ 34. Plaintiff the next day vomited twice.

¶ 35. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Correctional Service LLC "Manager Woods" and ODRC Correctional Officer's, recklessly or with wanton disregard for the Plaintiff and other inmate's health and Safety stood by while the inmates ate the contaminated food.

¶ 36. Defendants Aramark Correctional Service LLC personnel failure to practice good food handling procedures and sanitation to prevent outbreaks of food poisoning ODRC Policy 68-MED-04 (G) ref Food Poisoning. Institution safety and health coordinators shall monitor this issue within their institutions as outlined in ODRC Policy 10-SAF-08, Facility Sanitation and Inspection Practices.

¶ 37. Plaintiff followed the recommendation given to him at orientation[1] inmates are discouraged from kiting Medical unless absolutely required, to help enforce this policy ODRC, charges  inmates a co-pay for just sending in the request to be seen.

---

[1] Inmates are given orientation when they arrive at each institution, where they are provided rules and procedures to follow in case of an emergency or an issue.

9

¶ 38. Plaintiff continued to experienced abnormal bowel movements, pain in his stomach like the other inmates. He heard that other inmates were sending in paper requests forms to be seen by medical. He informed Medical that "I need to be seen to find out what's wrong with me, my stomach hurts and my feces is runny when I use the restroom. He turned in the written requests.

¶ 39. Plaintiff sent in a paper Medical request form to be seen by Medical. Where He wrote on it "My stomach is upset and I have been having pains for the past couple days". He turned in the written request.

¶ 40. Plaintiff told the Defendant Ms. Panunzio of the extreme stomach pain, he was experiencing she told him to kite medical and he told her he did on two prior occasions. The Defendant Ms. Panunzio's actions shows a deliberate indifference to the Plaintiff's health and safety. She had the authority to contact medical and send the Plaintiff with a written pass that he put her on notice.

¶ 41. On December 01, 2021 Lt. Kayla Stebelton reviewed the video footage of the Aramark incident and completed an incident report, in her report Lt. Kayla Stebelton acknowledges that,

¶ 42. "On 12/01/2021 I, Lt. Stebelton reviewed video footage of an alleged incident that occurred in rear food service on 11/27/2021. While reviewing the footage the following was found; on 11/27/2021 at 6:20pm on WCI-food service Cook area2 camera, inmate Smith (743-659) dumps food from the serving container into the trash can. It appears they realized after dumping the food that they still needed it. At 6:25pm Aramark Manager Woods is observed using the pitcher and scooping the food out of the trash can into an empty container that inmate Smith is carrying. Inmate Smith is then observed carrying the food to the serving line in the small chow hall and the food is served to the inmates coming to chow. At 6:26 pm a rear food service porter is seen sweeping the floor and dumping the dust pan into the same trash can containing the remains of the discarded food. At 6:27 PM Aramark Woods brings in another empty container near the trash can for inmate Burton (667-877) to scoop more food from the trash can that has now had trash dumped on top from the porter who swept the floor. Aramark Woods stirs in water to the food in the container that came from the trash can and at 6:30 PM inmate Burton takes the food to the main chow hall to be served. Aramark Woods is responsible for serving inmates food from the trash can which is a major health code violation. Both inmates involved have been removed from food service. Video footage has been captured and Deputy Warden Welch was notified". End of report. There is a signature of the Managing Officer dated on 12/03/2021. A copy of the incident report and video will be attached with this Second Amended complaint. See Exhibit (1) incident report and video footage of Aramark incident.

¶ 43. Lt. Kayla Stebelton became aware of Plaintiff's housing unit being exposed to contaminated food, yet never informed the Plaintiff to seek medical attention for food poisoning. Lt. Kayla Stebelton acted with deliberate indifference to Plaintiff health and safety when she failed her duties to make Plaintiff aware of the food being contaminated which was the reason he was ill. Lt. Kayla Stebelton, also was deliberate indifferent to the Plaintiff's health and safety

when she failed her duties and allowed W.C.I administration to falsely quarantine the Plaintiff when he sought medical attention for his illness. Lt. Kayla Stebelton and W.C.I administration attempted to cover up the fact the Plaintiff has been intentionally food poisoned.

¶ 44. Deputy Warden Robert Welch was emailed a copy of the incident report that was filed on 12/01/2021 by Lt. Stebelton. Deputy Warden Robert Welch never informed the Plaintiff that he may have been exposed to contaminated food due to it being in the trash can and having trash that was swept from the floor dumped on top of it.

¶ 45. Deputy Warden Robert Welch was deliberate indifferent to Plaintiff's health and safety when he didn't issue W.C.I. administration to escort the Plaintiff to medical immediately upon his knowing of this incident. Deputy Warden Robert Welch, Lt. Kayla Stebelton, Aramark Correctional Services LLC, ODRC, and W.C.I administration each attempted, and has engaged in collusion, engaging in a pattern of corrupt activity when they failed to release names, times, and dates when Plaintiff was exposed to and ate the contaminated food.

¶ 46. Deputy Warden Robert Welch at least signed the incident report on 12/03/2021 and yet the Plaintiff did not go to medical until 12/05/2021. Plaintiff ate the contaminated food on 11/27/2021. Plaintiff has suffered a week since the day he ate the contaminated food before he was escorted to medical. Defendants Deputy Warden Robert Welch, Lt. Kayla Stebelton, Aramark Correctional Services LLC, ODRC, and W.C.I administration each and together have violated the Plaintiff's constitutional rights to be free from Cruel and Unusual Punishment, and Equal Protection under the law.

¶ 47. On Thursday December 02, 2021 the Plaintiff was informed by C.O Moody, that they were fed out of a trash can.

¶ 48. Plaintiff was told two inmates Edward Smith and Richard Burton, tried to stop the food from being served but were taken to the hole by a lieutenant Sandridge and Ms. Sedlitz for speaking up.

¶ 49. Unknown to the Plaintiff at the time Defendants LT. Sandridge and Ms. Sedlitz were aware that Defendant Aramark Ms. Woods had taken the food out of the trash can, they still allowed the Plaintiff and unit to come in and eat the contaminated food. This can be reviewed by surveillance in chow hall.

¶ 50. Defendants LT. Sandridge and Ms. Sedlitz were Deliberately Indifferent to the Plaintiff health and safety for allowing him to eat after knowingly that the food was contaminated.

¶ 51. An Aramark worker Ms. Moody, mentioned on several occasions that she was aware that the Plaintiff unit was served beans out of a contaminated trash can.

¶ 52. Plaintiff was informed inmates Smith, and Burton, were placed in Segregation in an attempt to silence them.

¶ 53. Defendant's Aramark Correctional Services LLC, Aramark's supervisor Jane /John Doe, Aramark Correctional Services LLC Food Manager Ms. Woods and ODRC Correctional Officer's, Medical Staff, Deputy Warden Robert Welch, Lt. Kayla Stebelton, ODRC, and W.C.I administration who has been listed as Defendants in this complaint acted recklessly or with wanton disregard for the Plaintiff and other inmate's health and safety attempted to cover up that Plaintiff and other inmates were served contaminated food retrieved from a trash can.

¶ 54. Also on December 02, 2021 Plaintiff filed an Informal Complaint Reference number WCI1221000207 explaining to the Deputy Warden, what occurred on November 27, 2021. The Defendant Isaac Bullock, who worked as the Institutional Inspector, replied "The following issue has been verified and addressed. Corrective actions have been taken. Defendant Bullock stated "You will need to complete a Health Service request form to address your medical needs". Instead of directing staff to send Plaintiff to Medical as he could have done knowing the inmates are at a level 3 "not free to move around" and would not be seen for at least a couple days, allowing continued suffering. See Exhibit (2) informal complaints.

¶ 55. On November 27, 20221 through December 09, 2021 Defendant Sgt. Maggard got on his office computer and reviewed the incident with the Plaintiff. Defendant Sgt. Maggard showed the footage of Defendant Aramark Manager Ms. Woods retrieving beans out of the trash can once trash had been put on top of it. Defendant Sgt. Maggard gave the Plaintiff a hand written note of the time the incident occurred. An Attached copy of video will be sent with this Second Amended complaint.

¶ 56. Defendant Sgt. Maggard, knowingly and wantonly disregarded the plaintiff's health and safety, when he allowed without prevention or intervention W.C.I administration and staff to retaliate, intimidate, and harass the Plaintiff for seeking Medical attention.

¶ 57. Defendant Sgt. Maggard, knowingly and wantonly disregarded Plaintiff's health and safety when he did not seek medical attention for the inmates in his dorm after receiving multiple complaints from the inmate population about being sick from eating contaminated food.

¶ 58. Defendant Sgt. Maggard, and his unit staff elected to do nothing, when he allowed the Plaintiff and other inmates to be retaliated against, intimidated, and harassed for an entire month while awaiting a transfer to Chillicothe Correctional Institution.

¶ 59. Defendant's Aramark Correctional Services LLC, Aramark's supervisor Jane /John Doe, Aramark Correctional Services LLC Food Manager Ms. Woods and ODRC Correctional Officer's, Medical Staff, Deputy Warden Robert Welch, Lt. Kayla Stebelton, ODRC, and W.C.I administration who has been listed as Defendants in this complaint, acted recklessly or with wanton disregard for the Plaintiff and other inmate's health and Safety attempted to avoid conversation relating to the contaminated food served.

¶ 60. Defendant's Aramark Correctional Services LLC, Aramark's supervisor Jane /John Doe, Aramark Correctional Services LLC Food Manager Ms. Woods, ODRC Correctional Officer's, Medical Staff, Deputy Warden Robert Welch, Lt. Kayla Stebelton, ODRC, and W.C.I administration who has been listed as Defendants in this complaint, at no time openly attempted

12

to notify the Plaintiff that he had eaten or been served contaminated food, even after medical received complaints of his illness.

¶ 61. Defendant's Aramark Correctional Services LLC, Aramark's supervisor Jane /John Doe, Aramark Correctional Services LLC Food Manager Ms. Woods, ODRC Correctional Officer's, Medical Staff, Deputy Warden Robert Welch, Lt. Kayla Stebelton, ODRC, and W.C.I administration who has been listed as Defendants in this complaint staff never offered or attempted to offer at any time an apology to Plaintiff or the other affected population in regards to them being served contaminated food.

¶ 62. Plaintiff after sending in an Informal Complaint Resolution, known as an "ICR" did as he was instructed by the Inspector to contact Medical even though he had already sent in his first request to be seen. So Plaintiff filed another "Health Service" request form explaining his illnesses and pains, this time he specifically indicated that he believed he had been poisoned (sickened) by digesting contaminated food served to him by Aramark and requested to be seen.

¶ 63. Plaintiff repeatedly requested for the Defendant's Lt. and Aramark worker's names which Defendant Bullock and other Defendant's intentionally with-held attempting to restrict Plaintiff from learning their identities, even though Defendant Bullock was aware the Defendant's Lt. and other C.O.s allowed the contaminated food to be served after they were placed on notice of what occurred and reacted by placing inmates in segregation for objecting to the food being served.

¶ 64. Defendant's ODRC's medical Staff again refused to see Plaintiff attempting to aid in covering up that Plaintiff had been served contaminated food, to avoid diagnosing him, even though Medical had learned that his block location 1-A was fed food out of a contaminated trash can, and had received his previous Medical Health request form, where he indicated what he was experiencing, amounting to a form of bacterial infection, and his most recent Medical Health form.[2] Which placed Medical on direct notice of his knowledge of the cause of his illnesses.

¶ 65. Medical refused to see Plaintiff or the other inmates knowingly disregarding their health and safety, knowing what they were experiencing: stomach aches, vomiting and diarrhea, clear signs of food poisoning or a bacterial infection related to something digested, attempting to not diagnose the inmates with any illnesses related to the Defendant Aramark worker's feeding them out of a contaminated trash can. Thereby covering for the Defendant's allowing Petitioner and the other inmates to suffer.

¶ 66. Plaintiff like the other inmates was suffering more now that almost a week has passed and he indicated to Medical and W.C.I staff that he has high blood pressure, sugar diabetes type 2, and is on Chronic care, staff was unmoved by the Plaintiffs health concerns.

¶ 67. Medical without permission of the Plaintiff or other inmates provided a list to the Correctional Officer's, Capt.'s and Lt's. of all inmates housed in 1-A who reported stomach aches, vomiting or continued diarrhea, in violation to Plaintiff's right to privacy.

---

[2] The Medical box is emptied twice a day.

¶ 68. On Sunday December 05, 2021 approximately 6:30am Defendant C.O. Koch was making his first range check of that morning, where he informed the Plaintiff that he the other inmates could-not come out of their cells until he and the other inmates are spoken to by the "White Shirt" referring to one of the Defendant's be it, a Major, a Captain, a Lieutenant or a Sergeant. All other inmates whose names were not provided by Medical to the Defendant C.O. Cook, were permitted out of their cells with regular movement. This can be seen by the cameras in 1-A.

¶ 69. The Defendant" Health-Care Administrator" Meredyth McLaughlin of The Medial Department violated the Health Insurance Portability and Accountability Act ("HIPPA") ODRC Policy 07-ORD-11 when they informed the C.O.s and Staff of Plaintiff's and other inmates protected health information. Medical provided the list names of each inmate that desired to be seen by them to the Defendant's Institutional Inspector Isaac Bullock, Captain Agee, Lieutenant Tatman, all without the inmate's consent.

¶ 70. Defendant David Agee, retaliated against Plaintiff and the other inmates who reported upset stomach, cramping pains, severe diarrhea or vomiting related to the Aramark food served.

¶ 71. Defendant David Agee, self-proclaimed that he personally sent in Defendant Lieutenant Tatman.

¶ 72. On December 05, 2021 at approximately 6:45am Defendant Lieutenant Tatman entered Unit 1-A and began screaming, yelling that he has a bunch of inmates in here on some "bull-shit" who are acting like "bitches" and yelled, "I'm locking the entire Unit down, because we fired the bitch what else do you want us to do?" He continued to yell, "Your sick so what… sleep it the fuck off" He can be seen on the camera's in 1-A walking around ranting. See exhibit (3) attached affadavits

¶ 73. Defendant Lt. Tim Tatman, went around to the cells in 1-A that requested to be seen by Medical, trying to intimidate the inmates from going to Medical or further reporting what they were experiencing, he was saying "shit rolls downhill." If my staff gets in trouble over that Aramark bitch I will make your life hell. If you go to medical your ass is locked the fuck down" "it's your choice!" This can be seen by the cameras and recalled by the other inmates. See exhibit (3) attached Affidavit's.

¶ 74. Defendant Lt. Tim Tatman, threats of lock down and making inmates lives hell resulted in some inmates being intimidated into not going to Medical for fear of retaliation even though they were sick. See attached Affidavit's.

¶ 75. Defendant Lt. Tim Tatman, stated "I've seen what each of you mother-fuckers wrote to medical", which is confidential according to ODRC's Policy 07-ORD-11 Release of Medical Records.

¶ 76. Plaintiff and the other inmate's family and friends called up to the institution and demanded that the inmates be seen by medical or they would contact the State Troopers.

¶ 77. At approximately 9:30 am Plaintiff and (9) nine other inmates were escorted to medical by Defendant Jane Doe C.O. Ms. Kimberly Panunzio, this can be seen by the dorm cameras in Unit 1-A and by the cameras located in Medical.

¶ 78. Defendant C.O Kimberly Panunzio escorted the Plaintiff to Medical with the group of inmates, where his blood pressure was tested as a mush fake screening. Plaintiff informed Defendant "Sky Murray" a Nurse Practitioner and the other Nurse Practitioner "Rachel Allen" both of the Medical Department, of his symptoms, reporting abnormal bowel movements, pain in his stomach and that he had vomited twice, receiving no response, besides the nurse saying well we seen you.

¶ 79. Defendant "Sky Murray", a Nurse Practitioner of the Medical Department with another Nurse Practitioner "Rachel Allen" refused to provide medication or to recommend transport to an outside hospital to be checked by a doctor, regarding bacteria or other infections the Plaintiff and other inmates may have been suffering due to eating the contaminated food.

¶ 80. Defendant "Sky Murray", a Nurse Practitioner of the Medical Department with another Nurse Practitioner "Rachel Allen" are in clear violation of ODRC Policy 68-MED-04 section (G) (2) Which states Surveillance for suspected cases of food poisoning shall include:

*a.) Collection of stool sample and or food samples for examination by the local health department, in collaboration with the infection control manager;*

*b.) The laboratory will coordinate submission of such samples with the Ohio Department of Health, in accordance with accepted guidelines.*

¶ 81. Defendant's "Natasha Artenz", a Nurse Practitioner of the Medical Department and other Nurse Practitioner's "Rachel Allen", while in Medical were making jokes with the C.O.'s and laughing about the inmates being fed out of the trash cans by Aramark and being sick. "Saying this is what you signed up for coming to prison!" instead of providing care or assistance to the needs of the inmate's pain.

¶ 82. Once Plaintiff and the other inmates were seen by Medical they were taken back to their unit, locked in their cells and were placed on "quarantine status" as a punishment for speaking up, the Defendant's Medical Staff and W.C.I administration staff were deliberate indifferent to the Plaintiff's health and safety, denying him medical treatment.

¶ 83. Defendant David Agee, attempted to blame COVID-19 for his reason for locking down the Plaintiff and other inmates which conflicted with Lieutenant Tim Tatman's statements and actions as only people who went to medical related to upset stomachs, diarrhea, and vomiting were retaliated against by placing them on lockdown claiming COVID-19.

¶ 84. On or around November 27, 2021- December 10, 2022 Defendant's C.O Fredrick Epperson whom was the Plaintiff full-time unit 1-A C. O's that failed his duties as 2nd shift staff and was deliberate indifferent to the Plaintiff health and safety when he disregarded multiple

requests from the Plaintiff to call medical because he was extremely sick to the point he couldn't make it out of the bed.

¶ 85. On or around November 27, 2021- December 10, 2022 Defendant's C.O Larry Farmer whom was the Plaintiff full-time unit 1-A C. O's that failed his duties as 2nd shift staff and was deliberate indifferent to the Plaintiff health and safety when he disregarded multiple requests from the Plaintiff to call medical because he was extremely sick to the point he couldn't make it out of the bed.

¶ 86. On or around November 27, 2021- January 10, 2022 Defendant's C.O Fredrick Epperson whom was the Plaintiff full-time unit 1-a C. O's that failed his duties as 2nd shift staff and was deliberate indifferent to the Plaintiff health and safety when he refused multiple requests on behalf of the Plaintiff to provide the names of the staff that was directly responsible for his illness.

¶ 87. On or around November 27, 2021- January 10, 2022 Defendant C.O Larry Farmer whom was the Plaintiff full-time unit 1-a C. O's that failed his duties as 2nd shift staff and was deliberate indifferent to the Plaintiff health and safety when he refused multiple requests on behalf of the Plaintiff to provide the names of the staff that was directly responsible for his illness.

¶ 88. On or around November 27, 2021- January 10, 2022 Defendant's C.O Fredrick Epperson whom was the Plaintiff full-time unit 1-a C. O's that failed his duties as 2nd shift staff and were deliberate indifferent to the Plaintiff health and safety when he only allowed the Plaintiff out of his cell for 15 minutes a day to shower, make phones, check his communications regarding kites and informal complaints, or to make his meals for the day.

¶ 89. On or around November 27, 2021- January 10, 2022 Defendant Larry Farmer whom was the Plaintiff full-time unit 1-a C. O's that failed his duties as 2nd shift staff and were deliberate indifferent to the Plaintiff health and safety when he only allowed the Plaintiff out of his cell for 15 minutes a day to shower, make phones, check his communications regarding kites and informal complaints, or to make his meals for the day.

¶ 90. Defendant's ODRC's with the named Defendant's in Paragraphs 3 through 29 (as if fully rewritten herein) have a policy or practiced procedure in place that if an inmate is suspected of having COVID-19, that inmate will be tested and if they test positive for COVID-19, then that inmate and their institutional housing unit will be locked down "quarantined" and any other inmates that came in contact "Contact Tracing" with that inmate will be quarantined.

¶ 91. Plaintiff with the other inmates were placed on lockdown treated like they had COVID-19, for staff to justify locking them down, even though no one was tested for COVID-19 by Medical nor had any COVID-19 related symptoms.

¶ 92. Plaintiff while locked down "quarantined" was restricted from generating new Informal Complaint Resolutions "ICR's" or Grievances, where the J-pay Kiosk was restricted to prevent him from filing ICR's or Grievances against ODRC, or Medical's staff. The Kiosk

16

allowed inmates to send Kites (other non-formal forms of communication) to read or write correspondences from family/friends. Plaintiff could read or respond to ICR's or Grievances he had already started but could not generate new ones the J-pay had a system warning and said "you are currently restricted from creating this type of communication".

¶ 93. The inmates who also ate the contaminated food and were sick that refused to go to medical after the threats by Defendant Lt. Tim Tatman, were not placed on quarantine status nor punished in any way continuing general operations See exhibit (3) attached Affidavit".

¶ 94. Defendants Ms. Kimberly Pannunzio a C.O whom was the daily 1st shift officer in the Plaintiff's dorm whom was informed of inmates being harassed and tormented, due to them writing health service request forms, and writing their informal complaints regarding Aramark and ODRC staff. C.O Ms. Kimberly Panunzio stood by idle and watch as the mistreatment took place.

¶ 95. Ms. Kearns whom was the Plaintiff case manager in his housing unit, was deliberate indifferent to the Plaintiff's health and safety. Defendants Ms. Kearns was presented with complaints about the conduct of Aramark and ODRC's staff. Defendants Ms. Kearns was informed of inmates being harassed and tormented, due to them writing health service request forms, and writing their informal complaints regarding Aramark and ODRC staff. Defendant Ms. Kearns and C.O by idle and watch as the mistreatment took place.

¶ 96. Defendant Ms. Kearns and could have prevented these violations from occurring within her housing unit. Plaintiff was harassed, bullied, and intimidated until he was transferred to Chillicothe Correctional Institution. Defendants Ms. Kearns witnessed the Plaintiff's false quarantine, witnessed the actions of their co-workers.

¶ 97. Plaintiff personally complained to Defendant C.O Ms. Kimberly Panunzio about the mistreatment they were receiving by the departments staff whenever they were able. Defendant C.O Ms. Kimberly Panunzio stood idle and watched the egregious behavior and did nothing to aide in ensuring the Plaintiff's health and safety, showing she was indifferent.

¶ 98. Plaintiff personally complained to Defendant's Case Manager Ms. Kearns and C.O Ms. Kimberly Panunzio about the mistreatment they were receiving by the departments staff whenever they were able. Defendants stood idle and watched the egregious behavior and did nothing to aide in ensuring the Plaintiff's health and safety, showing they were indifferent to the Plaintiffs health and safety.

¶ 99. Plaintiff and other inmates who reported to medical were harassed, tormented, and intimidated because of their complaints regarding Aramark Correctional Services LLC and ODRC staff. Most of these inmates regularly went to the Case Manager Ms. Kearns whom was of the inmates that were affected by the contaminated food served by Aramark Correctional Services LLC and its employee's. Defendants Ms. Kearns stood by and observed day in and day out the violations occurring upon the inmates in her housing unit.

¶ 100. Defendant Captain David Agee, attempted to blame COVID-19 for his reason for locking down the Plaintiff and other inmates which conflicted with Lieutenant Tim Tatman's statements and actions as only people who went to medical related to upset stomachs, diarrhea, and Vomiting were retaliated against by placing them on lockdown claiming COVID-19.

¶ 101. Defendant C.O. Ms. Kimberly Panunzio escorted back the Plaintiff and the other inmates back to medical on Monday December 06, 2021 to be seen by Defendant William Harlan or Raymond Corbett, after Plaintiff demanded to the C.O.'s to be seen by a doctor, saying that the staff knew the inmates had food poisoning and not COVID-19 where Defendant C.O. responded "Nobody says you all have COVID-19" and would not answer as to why they were locked down when no-one else was.

¶ 102. Defendant William Harlan or Raymond Corbett, were deliberate indifferent to the Plaintiff health and safety when they failed to diagnose Plaintiff, even after the Plaintiff had communicated to the Dr. that he has intestinal issues, his stomach still hurts extremely bad, also he couldn't keep any fluids down, and still had diarrhea. The Dr. was deliberately indifferent to the Plaintiff's medical needs by not providing care, only quarantined Plaintiff and allowed his pain and misery to continue.

¶ 103. Plaintiff, while waiting to be seen by Defendant Doctor William Harlan, or Raymond Corbett in Medical Department, Defendant Warden Wanza Mitchell-Jackson, arrived and was speaking with the medical staff.

¶ 104. Plaintiff and the other inmates tried to speak with Defendant Mitchell-Jackson, but she was very frustrated, yelling about having to come in early because of "us" she refused to converse.

¶ 105. Defendant's named in Paragraphs 3 through 29 (as if fully rewritten herein) (as if fully rewritten herein) each failed to follow the policy's regarding food poisoning, at no time did the staff attempt to collect stool or take food sample for examination to the local health department in collaboration with the infection control manager or according to ALP.

¶ 106. Defendant's named in Paragraphs 3 through 29 (as if fully rewritten herein) (as if fully rewritten herein) each failed to provide notification in order to cease possible causative agents from being distributed to the remaining unit in disregard to Plaintiff's health and safety.

¶ 107. Defendant William Harlan, Raymond Corbett refused to diagnosis Plaintiff or the other inmates even with their clear symptoms, knowing they were fed out of a contaminated trash can and kept them on "Quarantine Status" until Thursday December 09, 2021.

¶ 108. Defendant's would later deny quarantining Plaintiff and the other inmates related to COVID-19. Shown by a kite sent by Lance King inmate no: a717661 ref # WCI1221001222 who was subjected to the same behavior for reporting illness related to the contaminated food served by Aramark, the medical department replied back to this kite which stated" in review of your medical file, I do not see a diagnosis for covid-19. you were assessed for influenza like

illness related to reported symptoms due to the time frame from the chow hall incident" Signed (Meredyth McLaughlin). See Exhibit (2) informal complaints/ Kite communications.

¶ 109. On or around December 09, 2021- January 10, 2022 Defendant Deputy Warden "Douglas Luneke" held a "town hall meeting" during that meeting he stated that inmates weren't transferring institutions for at least 8 weeks, doors were to remain closed, and he wasn't answering any questions regarding "Aramark". The attendees of that meeting were Defendant's "Captain Jason Back", "Unit Manager Steven Williams", "Chief Unit Manager Rodney Macintosh", "C.O John Wells", and several other C. O's along with Defendant "Douglas Luneke", Deputy Warden.

¶ 110. On or around December 09, 2021- January 10, 2022 Defendant" Health-Care Administrator Meredyth McLaughlin and or Employee for Medical" came into unit 1A and retrieved medical paper work held at the desk area of the unit which contained inmate's information during their quarantine status. C.O. Morris was working second shift when it occurred, it was approximately 4:30 pm- 9:00 pm.

¶ 111. Defendant's Lt. Tim Tatman, David Agee, Isaac Bullock and other's each intentionally lied in responses to the informal complaints filed by Plaintiff, attempting to cover up for Aramark Correctional Services LLC, Lt. Sandridge and C.O. Ms. Sedlitz that allowed the Plaintiff to eat the contaminated food served.

¶ 112. Defendant, Bullock and other's each intentionally refused to corporate in response to the informal complaints refusing to provide the names or information of the ODRC employees, such as name of the Jane/John Doe Lt. Sedlitz, and C.O. Ms. Sedlitz who instead of stopping the contaminated food from being served locked up the inmates who reported the Aramark worker actions.

¶ 113. Defendant's Lt. Sandridge, C.O. Ms. Sedlitz were deliberate indifferent to the Plaintiffs health and safety when they allowed the Plaintiff and other inmates to eat contaminated food knowing it had been reported to them that the food was retrieved from a trash can.

¶ 114. Defendants are in violation of ODRC Policy 68-MED-04 (G) Food Poisoning, 10-SAF-08 Sanitary Conditions violation of the Fourteenth Amendment of the United States Constitution "equal protection", First Amendment Violation "retaliation".

¶ 115. On or around January 10, 2022 all of the inmates in 1-A were being transferred to Chillicothe Correctional Institution on an emergency ride-out, even after being told prior there would be no ride outs, only 10 of the 100 inmates were classified to actually be transferred to Chillicothe Correctional Institute.

¶ 116. Defendant Isaac Bullock and the other staff members each retaliated against Plaintiff and the other inmates to punish them for filing informal Complaints, going to medical and requesting information regarding Aramark Correctional Services LLC.

¶ 117. Defendant's retaliation consisted of locking the inmates down, not answering their questions, not allowing them to have recreation, when recreation was given it consisted of

Plaintiff being allowed out of his cell for a 15 min window to get on the restricted Kiosk or to shower. Most of the time mail was with-held, or not picked up to prevent it from being sent out by the staff.

¶ 118. Defendant Isaac Bullock, was the only known staff person who had the authority to restrict Plaintiff's Kiosk from generating new informal complaint resolutions "ICR's" or grievances.

¶ 119. Plaintiff filed an informal complaint resolution in paper form after he realized he was restricted on the Kiosk against medical for refusing to see him timely and for intentionally not diagnosing him in an attempt to cover-up him being fed contaminated food by Defendant's Aramark and ODRC. Which was never addressed.

¶ 120. Plaintiff requested information concerning the paper ICR's and was ignored by Defendant Isaac Bullock prior to transferring.

¶ 121. Defendant's named in Paragraphs 3 through 29 (as if fully rewritten herein) each acted together to prevent Plaintiff and the other inmates from exposing that they were fed contaminated food by Aramark which resulted in them being sicken.

¶ 122. Plaintiff relied on Defendant Aramark and its employees to provide safe and healthy meals, as this company is his only source of food or chance to receive a balanced meal while incarcerated.

¶ 123. Plaintiff since eating the contaminated food has experienced extreme emotional distress, loss of trust in Defendant's Aramark and its employees to provide safe and healthy meals, resulting in him being overly conscious, and has raised anxiety levels, post-traumatic stress, because of the food served by Defendant's Aramark, and its employees.

¶ 124. Plaintiff since this experience has lost trust and faith in Defendant's Medical staff and ODRC to act in his best interest concerning his health and safety where his needs were ignored and disregarded. Plaintiff had to write grievances about his mistreatment, harassment, intimidation and about the retaliation concerning the release of medical information to non-medical employees he was receiving from ODRC employees.

¶ 125. Plaintiff since eating the contaminated food has experienced a heightened emotional level of stress, pertaining to Defendant's Aramark and ODRC's staff including Medical's staff consisting of all Defendant's named in this complaint in paragraphs 30 through 144 as if fully rewritten herein, based on their attempts to cover-up, avoid address, with-hold Medical treatment, with-hold information, and willingness to wrongfully punish Plaintiff and other inmates for being fed contaminated food and seeking help.

¶ 126. Plaintiff has exhausted all remedies unless prevented by the Defendant's as stated above.

20

¶ 127. Defendants in this action clearly violated Plaintiffs Eighth Amendment Constitutional Right to be free from cruel and unusual punishment, Fourteenth Amendment "Equal Protection" and First Amendment "Retaliation" they also violated ODRC's Policy 68-MED-04 (G) Food Poisoning, 07-ORD-11 Release of Medical Records, 10-SAF-08 Sanitary Conditions.

¶ 128. Defendant's Bullock conduct in relation to equal protection and how the Defendant's abridged that protected right concerning their actions in restricting him from being permitted from using the kiosk, recreation, or dayroom time, and phone time, and seeking out the Plaintiff in the Chow hall and being very indifferent all amounts to retaliation and harassment.

¶ 129. Plaintiff only came out of his cell for 15 minutes to shower and to use the microwave for commissary food, during the false quarantine, when the Plaintiff attempted to file complaints about the treatment he received the kiosk instructed him "you are currently restricted from creating this type of communication".

¶ 130. Although, other inmates were permitted to use the kiosk machines. This is an extreme effort on the part of Defendants to prevent Plaintiff from filing anymore grievances against the Prison institution, as well as medical, Aramark, and ODRC staff. Also by preventing Plaintiff from filing grievances on the continuing harassment of him and retaliation against him when he did file previous grievances. Plaintiff was harassed and retaliated against when he went to medical to report being food poisoned, this shows a clear violation of the Fourteenth Amendment equal protection under the Constitution.

¶ 131. Plaintiff like every other prisoner has a constitutional right to equal protection under the law which includes access to health care services and the grievance procedure.

¶ 132. Plaintiff was prevented from filing grievances against not only IHS (Inmate Health Services) but also Aramark and some of the other Defendants as expressed in the complaint. A prisoner's constitutional right of access to the courts extends to the prison grievance procedures and "hinges on his ability to access the prison grievance system." Prison officials may not punish an inmate for using disrespectful language in a written grievance, even if that language is "hostile, sexual, abusive or threatening.

¶ 133. Due to the policies and customs of Aramark Correctional Services LLC Plaintiff can explain their conduct and how it shows that they should be held liable for the conduct of their employees. Even assuming Aramark is a state actor, however, a private corporation like Aramark is liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights.

¶ 134. This Circuit held that § 1983 municipal-liability jurisprudence distinguishes between 'policy' and 'custom. The United States Supreme Court has held "municipal liability may attach for policies promulgated by the official vested with final policymaking authority for the municipality

¶ 135. A custom, on the other hand, refers to an informal rule or way of doing things that "has not received formal approval through . . . official decision making channels

¶ 136. The custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. Due to the policies and customs of Aramark Plaintiff can demonstrate that Aramark has well-settled policies and customs of which aided in the causation of the deprivation of Plaintiff's Federal Constitutional rights as they were the "moving force" behind the alleged deprivation.

¶ 137. In a law journal written by Amanda Chan* and Anna Nathanson** Reported by 29 Wm. & Mary Bill of Rts. J. 1009. Cites, most of the bad prison food that makes the news is about private prison food contractors such as Aramark. Aramark contracts with states to provide prison food. Although a state is not bound by federal prison administrative regulation nor other states' administrative regulations, states often model their own prison food policy after the federal ones.

¶ 138. Michigan repeatedly made headlines when it encountered systemic problems in prison food with Philadelphia-based private food vendor Aramark.

¶ 139. For example, one Aramark employee fed prisoners actual trash. The Aramark employee had thrown out leftover food, but upon realizing that there were more prisoners to feed, the employee retrieved the food from the trash, reheated it, and served it to the prisoners. This report that was published by Wm. & Mary Bill of Rts. J. 1009. May of 2021. However, Plaintiffs incident happened in November of 2021, within Six months 2 known occurrences happened that involved employees of Aramark feeding inmates actual trash.

¶ 140. That example was another incident by Aramark completely separate from the incident the Plaintiff experienced at W.C.I in November, 2021 yet it shows the same "MODUS OPERANDI" where Defendant Aramark and employees violate Constitutional Rights of inmates across the United States not just here in Ohio, and certainly not at W.C.I were the Plaintiff along with a dorm full of other incarcerated adults were fed food after it had been discarded as trash. This incident is almost exactly like the incident reported in a law journal written by Amanda Chan* and Anna Nathanson** Reported by 29 Wm. & Mary Bill of Rts. J. 1009.

¶ 141. In Ohio, under contract with Aramark, inmates discovered maggots in four prisons, which prompted state officials to launch a statewide investigation. In a federal lawsuit, sixteen prisoners from Kent County alleged that Aramark served rotten chicken tacos and poisoned about 250 prisoners. *

¶ 142. Defendant Aramark has well-settled policies and customs of which aide in the causation, and deprivation of Plaintiff's Federal Constitutional Rights as they were the "moving force" behind the alleged deprivation. Aramark has an established incentive policy, and bad business practices where the company receives incentives "quarterly" if the company saves money, then the Managers receive bonuses in return. However, this is the slippery slope where managers often risk the health and safety of incarcerated adults for company profits and incentives.

¶ 143. These incentives and profits are generated by not providing the daily adequate nutritional value inmates are required to eat, and or not complying with proper sanitation this can be accomplished in a variety of ways although the nutritional value, caloric diet, and sanitation is always at risk when Managers are profit driven.

¶ 144. Defendants Aramark, Aramark Supervisor, Aramark Coordinator Ms. Woods, ODRC, and all ODRC employees addressed in this complaint, should not be able to cite to the Eleventh Amendment immunity, because the Defendants used their official capacity when violating Plaintiffs constitutional rights. Defendants knew of the well-established Federal Law, meaning Plaintiff's First Amendment, and Eight Amendment, and Fourteenth Amendment.

## CLAIM ONE
### (Deliberate Indifference)

¶ 145. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein, have knowingly disregarded the risk of harm to Plaintiff's life and body through his health and safety, amounting to cruel and unusual punishment; acted recklessly to the substantial risk of harm or death by consciously and through their actions disregarded the harm that one's own actions could do to the interests or rights of the Plaintiff in violation of his Eight Amendment right. As he was incarcerated and cannot nor could not care for himself, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and have each failed to do so or failed to prevent the others to do so.

## CLAIM TWO
### (Failed to Train)

¶ 146. The Supervisory Defendant's in paragraphs 30 through 144 as if fully rewritten herein have actively engaged in official duties, through the official's own individual actions, have violated the Constitution; the supervisors have abdicated their specific job responsibility, with the 'active performance of the supervisor's individual job function, directly resulting in the constitutional injury. To wit: Implicitly authorized, approved, or knowingly acquiesced" to the underlying constitutional violation, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate against the Plaintiff.

## CLAIM THREE
### (Concurrent Negligence)

¶ 147. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein were each negligent when two or more of them acted independently causing or whose actions contributed to the same damage as the others.

## CLAIM FOUR
### (Culpable Negligence)

¶ 148. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein acted at times negligently in their conduct, involved a disregard of the consequences likely to result to Plaintiff from their actions.

## CLAIM FIVE
### (Emotional Distress)

¶ 149. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein each either intended to cause emotional distress, or knew or should have known that their actions would result in serious emotional distress; Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and would be considered utterly intolerable in a civilized community; Defendant's actions proximately caused injury to Plaintiff resulting in mental anguish suffered was serious and of such a nature that no reasonable person could be expected to endure. To Wit: Each caused emotional distress to the Plaintiff by their actions or lack of.

## CLAIM SIX
### (Equal Protection)

¶ 150. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein each violated Plaintiff's equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution, when they intentionally targeted and discriminated against him treating him differently than others similarly situated without any rational basis for the difference.

## JURY DEMAND ENDORSED

¶ 151. Plaintiff respectfully demands a jury trial on all triable issues herein.

## RELIEF REQUESTED
### (Permanent damages)

¶ 152. The Defendant's in paragraphs 30 through 144 as if fully rewritten herein, are the responsible parties that caused damages for past, present, and future harm that cannot be avoided or remedied. Resulting in Plaintiff Norman Burke, being entitled to *Compensatory damages* where some or all Defendant's caused damages sufficient in an amount to indemnify the injured person for the loss suffered; *Punitive damages*, where some or all Defendant's, acted with recklessness, malice, or deceit specific to the result of Plaintiff, and *Nominal damages*, where some or all Defendant's, were negligent to the point that a trifling sum should be awarded to Plaintiff where a legal injury has been suffered if the court finds no substantial loss or injury is to be compensated.;

¶ 153. To be awarded a sum of no less than $ 5,000,000 (Five million dollars) for the above damages to be paid jointly and or separately by each named Defendant in this action.

¶ 154. Plaintiff request for the named Defendant's in this action to pay jointly and or separately for the cost of this action.

¶ 155. Plaintiff request for the named Defendant's in this action to pay jointly and or separately reasonable attorney fees, if Plaintiff hires/employs an attorney to handle this actions.

¶ 156. Plaintiff Norman Burke states the statements in this civil complaint are true to the best of his knowledge and belief under the penalty of perjury.

Norman Burke

10-10-23

Date

25

recklessness, malice, or deceit; specific., damages assessed by way of penalizing the wrongdoer or making an example to others.

## JURY DEMAND ENDORSED

¶ 107. Plaintiff respectfully demands a jury trial on all triable issues.

## RELIEF REQUESTED
(Permanent damages)

¶ 108. The Defendant's paragraphs 3 through 100 as if fully rewritten herein,) are the responsible parties that caused Damages for past, present, and future harm that cannot be avoided or remedied. The Defendant's fed the Plaintiff food out of a contaminated trash can, and when the Plaintiff requested medical care he was denied a reasonable standard of care. The Plaintiff was in turn quarantined for four days without cause, the Plaintiff is still under serious mental and emotional distress, Paranoia, and Post-Traumatic Stress Disorders. The Plaintiff's requested relief is in the amount of no less than $5,000,000 (five million dollars).

¶ 109. paragraphs 3 through 100 as if fully rewritten herein, Plaintiff requests no less than U.S Dollars (five million dollars).

statement of facts of this civil complaint are true under the penalty of perjury.

_____

Date

26

☐ Mark the form as confidential

# INCIDENT REPORT

Report Date (will be set when report is signed):
12/1/2021

| Work Location: | | Location of Incident: |
|---|---|---|
| Warren Correctional Institution | | Food Service |
| Name of Reporting Staff: | Title: | INCIDENT DATE: |
| Kayla Stebelton | Correctional Lieutenant | Nov 27, 2021 |
| Involves: | | INCIDENT TIME: |
| Aramark Manager Woods | | 6:20 PM |

## Check Item Indication Subject Of This Report:

☒ Employee Action ☐ Facility Maintenance ☐ Medical ☐ Recommendations
☐ Inmate/Offender Affairs ☐ Security ☐ Victim Issue ☐ Crisis Intervention Team (CIT)
☐ Use of Force ☐ Workplace Violence ☐ Equipment Issue ☐ Other:

## Description of Incident:

On 12/1/2021 I, Lieutenant Stebelton reviewed video footage of an alleged incident that occurred in rear food service on 11/27/2021. While reviewing the footage the following was found; on 11/27/2021 at 6:20 PM on WCI-Food Service Cook Area2 camera, Inmate Smith (743-659) dumps food from the serving container into the trash can. It appears they realized after dumping the food that they still needed it. At 6:25 PM Aramark Woods is observed using a pitcher and scooping food out of the trash can into an empty container that Inmate Smith is carrying. Inmate Smith is then observed carrying the food to the serving line in the small chow hall and the food is served to inmates coming to chow. At 6:26 PM a rear food service porter is seen sweeping the floor and dumping the dust pan into the same trash containing the remains of the discarded food. At 6:27 PM Aramark Woods brings another empty container near the trash can for Inmate Burton (667-877) to scoop more food from the trash can that has now had trash dumped on top from the porter who swept the floor. Aramark Woods stirs in water to the food in the container that came from the trash can and at 6:30 PM Inmate Burton takes the food to the main chow hall to be served. Aramark Woods is responsible for serving inmates food from a trash can which is a major health code violation. Both inmates involved have been removed from food service. Video footage has been captured and Deputy Warden Welch was notified. End of report.

EXHIBIT Exhibit 1a

| Signature of Reporting Staff Member: | Date: |
|---|---|
| Kayla Stebelton | 12/1/2021 |

## Action Taken:

1. Notification to DWSS.
2. Video footage captured and incident report completed.
3. Inmates involved removed from food service.

K. Stebelton

| Signature of Managing Officer: | Date: 12/3/2021 |
|---|---|

Distribution: **ALL COPIES TO MANAGING OFFICER** who will check appropriate distribution list below and distribute the copies.

☒ Operations ☐ Administration ☒ Special Services ☐ Department Head
☐ Investigator ☐ EEO ☐ Personnel Officer ☐ Administrative Assistant
☐ Record Officer ☐ Medical ☐ Health & Safety ☐ Office of Victim Services

27

| Shift Commander _F. Kendrick_ | | 2nd Shift | Saturday November 27 2021 | Officers on Overtime _11_ |
|---|---|---|---|---|
| Captain: | | Lieutenant: Sandridge 227 | Lieutenant: | Henness 2211 |
| Captain: | | Lieutenant: Barrett 212! | Lieutenant: | |
| Captain: | | Lieutenant: Kriss 214 | Lieutenant: | |

| POST | OFFICER | On Grounds | | Off Grounds | |
|---|---|---|---|---|---|
| | | Total Posts: 41 | Relief | Good Days | Leaves |
| Unit 1A | Donthnier | Added Post | Morehouse, M.** | Kaufman, K. | Vacation Lv. |
| Unit 1A | McIntosh | RH REC: Firman | | Cates, B. | Cunningham, S. |
| Unit 1B | Shostak (OT) | | Deegan, J. | Fulmer, P. | O'Connor, K. |
| Unit 1C | Lane | RH Esc: Lenzier (OT) | | Epperson, F. | Avery, E.*** |
| Unit 1C | Loughman | | Donthnier, B. | Rumpler, E. | Kerns, D. |
| Unit 1D | Rucker (OT) | 3D ESC: Finley, T. | | Robinson, E. | Henness |
| Unit 1D | Heilshorn (VF) | | Couzens, A.*** | Cates, J. | Anderson - 25 |
| Unit 2A | Closed | | | Montgomery, J. | |
| Unit 2A | Closed | Visiting: Williams, K. (VF) | Huddleston, T.** | Reedy, M. | Personal Lv. |
| Unit 2B | Lipsky | | Morris, A.*** | Robinson, B. | Calhoun - 3 |
| Unit 2B | Quinn | | Lane, C. | Dunn, K. | |
| Unit 2C | Chevalier | | Loughman, A. | Robertson Jr, T. | |
| Unit 2C | Chambers | | Lipsky, L. | Foster, K. | Sick Lv. |
| Unit 2D | Randall, M. | | Jones, J. | James, J. | |
| Unit 2D | Adams | | Davis, J. | Weybright, J. | |
| Unit 3A | CLOSED | | | Hill, H. | |
| Unit 3A | CLOSED | | | Mann, B. | |
| Unit 3B | Ballard, C. | | McIntosh, J. | Starkey, B. | |
| Unit 3B | Saggus, J. | | Chambers, D. | Knick, J. | |
| Unit 3C | Collins, R.! | | Firman, A. | Long, T. | Military Lv. |
| Unit 3C | Austin | | Chevalier, E.*** | Anderson, C.$ | Winning, C. |
| Unit 3D | Zimmerman, D.$ | | Quinn, A. | | Kasten, J. |
| Unit 3D | Wheeler, M. | | Adams | | Webb, R. |
| Unit 3DXTRA | Edwards, G. | | Allen | | Perry, S. |
| Medical | Morris | | Sommer | | Luker, J. |
| TPU | Sommer | On-Site Training | | | Other Leaves |
| TPU | Jones, A. | Merbs, K. | | | Miller, S. |
| TPU | Shinno, D. | | | | |
| North Util | Deegan | | | | |
| South Util | Morehouse | | | | |
| East Util | Huddleston | | | | |
| West Util | Couzens | | | | |
| High Side Veh | Harrison (OT) | | | | |
| Low Side Veh | Cates B. (OT) | | | | |
| Front Entry | Emery (VF) | | | | |
| Front Entry | Closed | | | | |
| Recreation | Jones, J | | RTWP | | TWL |
| Recreation | Davis | | Godby | | |
| 1 pm - 9 pm | 1 pm - 9 pm | | Anthony | | KEY |
| Control | Caulfield (OT) | | Tendlefeld | | !: SRT |
| Control | Tipton (OT) | | | | $: C.I.T. |
| Food Service | Godby (VF) | | | | *** Female |
| Food Service | Sedlitz, M.*** | | | | |

_EXHIBIT 1b "Roll Call"_

20

| Shift Commander _CARTAR_ | 1st Shift | | Sunday, Dec 05, 2021 | Officers on Overtime _7_ |
|---|---|---|---|---|
| **Captain:** D Agee 120 | | **Lieutenant:** M. Kiser 215 | | **Supervisor VAC** |
| **Lieutenant:** T. Tatman 230 | | **Lieutenant:** S Vetere 216 | | |
| **Lieutenant:** | | | | |

| POST | OFFICER | Added Post _12_ | On Grounds _14_ Relief | Off Grounds Good Days | Leaves |
|---|---|---|---|---|---|
| Unit 1A | ✓ Pannunzio, K*** | 3DX: _Howard_ | Branch, K | Landis, M | **Vacation Lv.** |
| Unit 1A | _Koch_ | 3D Escort + _ComBS_ | | Hewitt, V | Barrett, C. |
| Unit 1B | ✓ Shostak, R | TPU Rec Util: _CLOSED_ | | Jones, D | Burke, D $ |
| Unit 1C | ✓ _CRAWFORD_ | | | Brennan, R | Carpenter, J |
| Unit 1C | ✓ Briggs, D | 1Cwatch: _Dowler_ | McKenzie, W | Davison, D | Williams, K |
| Unit 1D | ✓ _Halsey_ OT | | Howard, S | Wetzel, J | |
| Unit 1D | ✓ _Koher_ | | Leazier, B | Barnett, B | |
| Unit 2A | CLOSED | | Howe, A | Moody, C | _D. LANE_ |
| Unit 2A | CLOSED | | _Edwards_ | Borck, M | **Personal Lv.** |
| Unit 2B | ✓ _Keith (OT $_ | | | Heineman, C | |
| Unit 2B | ✓ Burris, A $ | | Milner, N | Eagle, L | |
| Unit 2C | ✓ Spicer, B | | Rittenhouse, M | Wolf, L | |
| Unit 2C | ✓ Lindsey, J | _Deegan_ | Goodyk, J*** | Watson, B | **Sick Lv.** |
| Unit 2D | _Milner_ | _DOWLER_ | _LIPSKY_ | Clarkson, N | |
| Unit 2D | _Lipsky_ | _KOCH_ | _Bauer, B_ | Gilland, E | |
| Unit 3A | CLOSED | | | Kallschmidt, M | |
| Unit 3A | CLOSED | | | _ROOKiN_ | |
| Unit 3B | _Deegan_ | | | | |
| Unit 3B | ✓ Harrison, A | | | | |
| Unit 3C | ✓ Williams, T | | | | |
| Unit 3C | ✓ Davenport, J | | _Resigned_ | | **Ext Sick Lv** |
| Unit 3D | ✓ Snelling, J | | _Wilson_ | | |
| Unit 3D | _Howe_ | | _Heilshorn_ | | |
| Medical | _Goodyk_ | | _Estep_ | | |
| TPU | _Leazier_ | | | | |
| TPU | _R. Hchase_ | | | | **Other Leaves** |
| TPU | ✓ Eltzroth, K | | | | Wadlington, W milt |
| North Util | ✓ _W. Barrett 6A_ | In-Service | | | Luker - milt 8/1/22 |
| South Util | ✓ _SedItz_ OT | Deems, W | **Freeze List** | | |
| East Util | ✓ _Mckenzie_ | | | | _LAMBB-mid_ |
| West Util | ✓ Emery, D | | | | |
| High Side Veh | _Bakuzonis(OT)_ | | | | |
| Low Side Veh | _Rucker (OT)_ | | | | |
| Front Entry | _Branch_ | | | | **TWL** |
| Front Entry | _CLOSED_ | | | | |
| Recreation | _Ibezue (OT)_ | | | | |
| Recreation | _Edwards_ | | | | |
| | 5 am - 1 pm | Special Details | | **SRT/STAR** | |
| Control | ✓ Janiszewski, M* | | | | **KEY** |
| Control | _MoWERY_ | | **RTWP** | | !: SRT |
| Food Service | ✓ _Tipton_ | | _Bailey_ | | $: Crisis (CIT) |
| Food Service | _Li_ | | | | ^: ESA |
| | Total Posts: 44 | | | | |

_29_

EXHIBIT 1C "Roll Call"

| Shift Commander _CAPT Agee_ | | 1st Shift | | Monday, Dec 06, 2021 | Officers on Overtime _2_ |
|---|---|---|---|---|---|
| aptain: D Agee 120 | | Lieutenant: S Vetere 216 | | | Supervisor VAC |
| Lieutenant: T. Tatman 230 | | | | | |
| Lieutenant: D. Lane 211 (7-3) | | | | | |

| | | _/S_ | On Grounds _9_ | | Off Grounds | |
|---|---|---|---|---|---|---|
| POST | OFFICER | Added Post | Relief | Good Days | Leaves | |
| Unit 1A | Pannunzio, K*** | 3DX :Burke, D $ | Branch, K | Hewitt, V | Vacation Lv. | |
| Unit 1A | Wells | 3D Escort: Closed | Mowery | Gilland, E | Williams, K | |
| Unit 1B | Shostak, R | TPU Rec Util: Closed | Wells | Ross, C | Tipton, D*** | |
| Unit 1C | Crawford, J $ | | Lambs, D | Kallschmidt, M | Lail, S*** | |
| Unit 1C | Briggs, D | IC Worthi LanDis | McKenzie, W | Davison, D | Spicer, B | |
| Unit 1D | Moore C | | Howard, C | Wolf, L | | |
| Unit 1D | Ibezue VP | | Hower, A | McDonough, A*** | | |
| Unit 2A | CLOSED | EDWARDS | Wadlington, W | Milner, N | | |
| Unit 2A | CLOSED | | Davison B | Heineman, C | Personal Lv. | |
| Unit 2B | Mowery | | Scott, K | Deems, W | | |
| Unit 2B | Burns | | Baker, Stu | Hoffer, C | | |
| Unit 2C | Baker | | | Leazier, B | | |
| Unit 2C | Lindsey, J | | | Snelling, J | Sick Lv. | |
| Unit 2D | Edwards | | | Watson, B | | |
| Unit 2D | Carpenter, J | | | Heilshern, O*** | | |
| Unit 3A | CLOSED | | | Rittenhouse, M | | |
| Unit 3A | CLOSED | | | Rook, N | | |
| Unit 3B | Wadlington | | Resigned | Debbald, J | | |
| nit 3B | Harrison, A | | Wilson | Lipsky, L | | |
| Unit 3C | Davenport,J | | | | | |
| Unit 3C | Williams, T | | | | Ext Sick Lv | |
| Unit 3D | Howard | | | | | |
| Unit 3D | Branch | | | | | |
| Medical | Borck, M | | | | | |
| TPU | Elzroth, K | | | | | |
| TPU | Ross | | | | Other Leaves | |
| TPU | Howe | | | | Luker - milt 8/1/22 | |
| North Util | Dowler | | | InService | Lambe-Milt | |
| South Util | Brennan, R $ | | | Goodyk, J*** | | |
| East Util | McKenzie | | | Hineman (ET) | | |
| West Util | Emery, D | | | Snelling (DT) | | |
| High Side Veh | Jones, D | | Freeze List | InS.Instruct. | | |
| Low Side Veh | Eagle, L*** | | | Wyeckoff, L | | |
| Front Entry | Closed | | | | TWL | |
| Front Entry | Bakazonis 10TI | | | | | |
| Recreation | Barnett, B $ | | | SRT/STAR | | |
| Recreation | Clarkson, N | | | Leazier, B | | |
| 5 am - 1 pm | | Special Details | | | | |
| Control | Wetzel | Lambs - orientation | RTWP | | KEY | |
| Control | Janiszewski, M* | | Landis, M 1D | | | |
| Food Service | Koch | | Bailey | | !: SRT | |
| ood Service | Barrett, C. | | | | $: Crisis (CIT) | |
| | Total Posts: 44 | | | | ^: ESA | |

_EXHIBIT 1d "Rollcall"_

30

| Shift Commander *GM 53* | | | 2nd Shift | Monday December 6 2021 | Officers on Overtime  9 |
|---|---|---|---|---|---|
| Captain: | Teague 112 | Lieutenant: Harrison 228$ | | Lieutenant: | Kriss 214 |
| Captain: | | Lieutenant: | | Lieutenant: | |
| | | | | | |
| | | **On Grounds** | | **Off Grounds** | |
| POST | OFFICER | Total Posts: 42 | Relief | Good Days | Leaves |
| Unit 1A | Fulmer, P. | Added Post | ~~Morehouse, M.*~~ | Cunningham, J | Vacation Lv. |
| Unit 1A | Epperson, F. | RH REC: *CLOSED* | ~~Avery, E.***~~ | Miller, S. | |
| Unit 1B | *Dantanio* | | | Calhoun, J. I | Robertson Jr, T. |
| Unit 1C | *CRAWFORD (VF)* | RH Esc: *Montague* | ~~Godby, R.~~ | Webb, R. | Mann, B. |
| Unit 1C | *BRibbS (VF)* | | ~~Donthnier, B.~~ | Zimmerman, | Henness 221! |
| Unit 1D | *ELTZROTH (VF)* | 3D ESC: *Huddleston* | | Herzog, A. | *Weyberthit* |
| Unit 1D | Foster, K. | | ~~Geuzens, A.**~~ | O'Connor, K. | *STANKEY* |
| Unit 2A | **CLOSED** | *Ic whole! Cates* | | Jones, A. | *HUDDLESTON* |
| Unit 2A | **CLOSED** | | | Wheeler, M. | Personal Lv. |
| Unit 2B | *Godby* | | ~~Merris, A.***~~ | Sedlitz, M.*** | |
| Unit 2B | *Sanimer* | | ~~Loughman, A.~~ | Edwards, G. | |
| Unit 2C | *Meris* | | | Finley, T. | |
| Unit 2C | *Ewen* | | Jones, J. | Godby, R. | Sick Lv. |
| Unit 2D | *Tesatold* | | ~~Davis, J.~~ | Lane, C. | ▉▉▉▉ |
| Unit 2D | *RAUER (VF)* | | ~~Ewen, T.~~ | Chevalier, E. | |
| Unit 3A | **CLOSED** | | ~~Lengefeld, H.~~ | Quinn, A. | |
| Unit 3A | **CLOSED** | | ~~McIntosh, J.~~ | Adams, C. | |
| Unit 3B | Ballard, C. | | | Austin, L. | |
| Unit 3B | *Mons* | | ~~Sommer~~ | *Orum* | |
| Unit 3C | Collins, R.! | | | *Timan* | Military Lv. |
| Unit 3C | Anderson, F. | | | | Winning, C. |
| Unit 3D | *McIntosh* | | | | Kasten, J. |
| Unit 3D | *Davis* | | | | Perry, S. |
| Unit 3DXTRA | *Couzens* | | | | |
| Medical | James, J. | | | | |
| TPU | Shinno, D. | On-Site Training | | | Other Leaves |
| TPU | Hill, H. | Robinson, E. | *CJM* | | ▉▉▉▉ |
| TPU | *LT. LANE (OT)* | | *Sargts* | | |
| North Util | *EDWARDS (VF)* | | *V* | | |
| South Util | Dunn, K.$ | | | | |
| East Util | *CARPENTER (VF)* | | | | |
| West Util | *Avery* | | | | |
| High Side Veh | Kerns, D. | | | | |
| Low Side Veh | Cates, B. | CTA | | | |
| Front Entry | Kaufman, K. | *Anderson -HUT* | RTWP | | |
| Front Entry | *DOWLER (VF)* | | Cates, J. -1D | | |
| Recreation | Long, T.$ | | | TWL | |
| Recreation | Knick, J. | | | | |
| **1 pm - 9 pm** | **1 pm - 9 pm** | | | | |
| Control | Robinson, B.$ | | | KEY | |
| Control | *WETZEL (VF)* | | | I: SRT | |
| Food Service | *Loughman* | | | $: C.I.T. | |
| Food Service | *J. Jones* | | | *** Fernale | |

EXHIBIT 1e

"RollCall"

31

**STATE OF OHIO )**
                    **)SS:**
**ROSS COUNTY )**

I, state that the following is true to the best of my knowledge and belief and against the penalty of perjury:

I, Douglas Thompson             , am currently incarcerated at Chillicothe Correctional Institution. On November 27, 2021, I was housed at the Warren Correctional Institution, In Cell "113". On the above evening in question, I ate the scheduled dinner in the chow hall. Within The next few days, I experienced stomach pains and irregular bowel movements. I kited the Medical Department and the Institution Inspector, explained to him what happened. I notified them, stated that I wasn't feeling to well, it most likely was due to the fact that we were fed beans out of the trash, that were contaminated. At one point, those beans were garbage. Not even fit for a dog. An inmate blew the whistle, he was punished for doing so. These actions were actually caught on camera, as I'm sure your aware of. I was advised to fill out an HEALTH SERVICE REQUEST FORM, which I did.

On Sunday December 05, 2021 Lieutenant Tatman entered into our unit, which was "1A". At the time I was being housed there. He started yelling about the inmates being on some "bullshit", because we chose to speak up due to concerns over our health. Lieutenant Tatman aggressively proceeded to make his rounds through-out our unit, yelling, threatening to lock the whole unit down if inmates went to medical.

EXHIBIT 1 F

32

1 of 3

Lieutenant Tatman and the Administration at W.C.I are known for abusing inmates, Using Excessive Force. Lieutenant Tatman repeatedly screamed, threatened, "is this what you guys really want to do?".

Lieutenant Tatman then went to cell 111 (inmate Andy Nottingham) and cell 112 (inmate Rich) and threatened the inmates. Stating that he was locking them down under covid-19 protocols. Which he really did, without any grounds. We all stated that our sickness wasn't from covid-19, it was from the food we were fed out of the trash, as if were not even human. We still have the right to be treated accordingly, even though we messed up and broke the law. We were all currently awaiting transfer because we earned the right, by staying out of trouble.

The Lt. said, what more do you want us to do, we already fired the dumb "bitch". I could hear the inmates tell the Lt., that all they wanted was to be checked out to see if they had food poisoning. He then, locked the unit down because the inmates filed a HEALTH SERVICE REQUEST FORM went to see the Dr.

Although I filed a HEALTH SERVICE REQUEST FORM and wrote an electronic kite and informal complaint, I did not follow through with seeking medical attention. Out of the fear of retaliation from Lieutenant Tatman and the W.C.I administration.

At the time, I was a level two (2), medium security and was awaiting my transfer to London Correctional Institution, as stated before, I did not want the administration to delay my transfer or place me in Segregation. That would have raised my security back to a level 3 and It would have prevented me from transferring to my current institution.

.Douglas Thompson

33

**2 of 3**

Douglas Thompson

**SWORN AND SUBSCRIBED BEFORE ME PERSONALLY ON THIS,** _4th_ **DAY OF ~~JULY~~** November (CM) **2022.**

Cherri Marshall

Notary Public

My Commission expires on 1/19/2027



CHERRI MARSHALL
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 01-19-2

34

2of2

**AFFIDAVIT** OF JEREMY JOHNSON

STATE OF OHIO)
               ) SS:
ROSS COUNTY )

    I, Jeremy Johnson    , certify that the below information is true to the best of my knowledge and belief and under the penalty of perjury:

On November 27, 2021, I went to eat evening chow in the cafeteria after the Ohio State / Michigan game I arrived in the dining hall, got my tray from the line by Aramark and its employees, sat down and ate the meal which mainly consisted of beans which I think it was burrito filling, I went back to my unit. A few hours later I started to feel sick. I didn't think much of it until the next morning when I started throwing up and had diarrhea.

    I sent in a paper Medical request form to be seen by Medical. I wrote on it "I don't know what's wrong I ate dinner a few days ago and I have been extremely sick". I turned in the request. During the same time, several inmates in my unit was experiencing the same thing, but I heard they was food poisoned, so I thought to myself I must have been food poisoned also.

    I Immediately Kited Inspector Bullock, he stated I needed to contact medical even though I had already and they had done nothing. I decided to file another request to be seen by medical, thinking maybe they are now aware of me being food poisoned the would rush to see me.

    I explained that I was worse than I had been days prior instead of getting better. I specifically indicated to medical in the kite that I believed I had been poisoned (sickened) by eating food served to me by Aramark.

    Medical did not send for me to be seen even though they were fully aware of what I was experiencing as by this time I had wrote around I think two request to be seen it could have been three but I certainly placed them on notice that I needed help.

    Sunday on December 05, 2021 at 6:30 am Lieutenant Tatman entered Unit 1-A and began screaming, yelling that he has a bunch of inmates in here on some "bull-shit" who are acting like "bitches" and yelled, "I'm locking the entire Unit down, because we fired the bitch what else do you want us to do?" He continued to yell, "Your sick so what... sleep it the fuck off" He can be seen on the camera's in 1-A walking around ranting. Lt. Tatman, went around to the cells in 1-A that requested to be seen by Medical, trying to intimidate me and the other inmates from going to Medical or further reporting what we were experiencing, he was saying "shit rolls downhill." If my staff gets in trouble over that Aramark bitch I will make your life hell. If you go to medical your ass is locked the fuck down" "it's your choice!" This can be seen by the cameras and recalled by the other inmates. Lt. Tatman, threats of lock down, and making our life hell resulted in me being intimidated into not going to Medical for fear of retaliation, even though I was sick. Lt. Tatman, stated "I've seen what each of you mother-fuckers wrote to medical".

35

**EXHIBIT** 1 g

At approximately 9:30 am I witnessed (9) nine other inmates being escorted to medical by C.O. Ms. Penunzio, I was wondering and asking why wasn't I called for to go see medical, but after Lt. Tatman came into the Unit I got really discouraged and was waiting until the other inmates came back thinking they would get me next.

After the inmates returned to the unit they were quarantined and Ms. Penunzio stated medical told them they had Covid-19.

Medical however, never did send for me and after seeing the inmates being punished I stopped requesting to be seen out of fear I was never quarantined or punished only the initial (9) people that went to medical was quarantined and punished.

Between December 09, 2021- January 10, 2022 Lt. "Luneke", held a "town hall meeting" where he stated that inmates weren't transferring institutions for at least 8 weeks, doors were to remain closed, and he wasn't answering any questions regarding "Aramark". The attendees of that meeting were "Back", Captain; "Williams", Unit Manager; "Macintosh", Chief Unit Manager; "Wells", C.O. and several other C. O's. Also during this time frame Lt. Jane Doe known as" Health-Care Administrator and or Employee for Medical" came into our unit and retrieved medical paper work held at the desk area of the unit which contained inmate's information during their quarantine status. Morris C.O. was working second shift when this occurred, it was approximately 4:30 pm- 9:00 pm.

I was never locked down, my questions were answered I was given recreation, and was able to move about the same as I always have. I was able to attend recreation, Church programming when it was available. My mail was never restricted, and I had a working J-pay the entirety of the weeks this was going on with the other inmates.

I have experienced extreme emotional distress over this matter Aramark and O.D.R.C has broken the trust I had in them to make sure I was treated humanly and with some dignity. I have heightened anxiety levels due to having to continue to eat the food served by Aramark, and its employees. Causing me to have a regular loss of appetite requiring me to force eat to avoid becoming ill or malnourished this is reoccurring behavior from both Aramark and O.D.R.C they don't care about the health and welfare of incarcerated adults.

*Jeremy Johnson*

Jeremy Johnson

**SWORN AND SUBSCRIBED BEFORE ME PERSONALLY ON THIS** ___17th___ **DAY OF**

March 20 23.

*Cherri Marshall*

Notary Public

My commission expires on ___1/19/2027___.

36 g

CHERRI MARSHALL
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 01-19-2_

| Ref# WCI1221000207 | Housing:1A119LA | Date Created:12/02/2021 |
| ID#: a744263 | Name:BURKE,NORMAN | |
| Form:Grievance | Subject:Supervision | Description:Unprofessional conduct |
| Urgent:No | Time left:n/a | Status:Closed |

Original Form

12/2/2021 5:14:21 PM : ( a744263 ) wrote
LATE SAT EVE,I STARTED TO FEEL SICK IN MY STOMACH.THE CHOW HALL,SAW IT FIT TO FEED US BEANS
THAT WERE THROWN ON THE FLOOR.NOT ONLY IS THIS AGAINST WHAT RIGHTS WE DO HAVE,I FIND IT
INHUMANE.IM STILL AWAITING MEDICAL ATTENTION.SOMEBODY NEEDS TO BE HELD RESPONSIBLE FOR
THIS CONDUCT.DO I NEED TO CONTACT MY ATTORNEY,OR CAN WE DEPEND ON YALL TO MAKE THIS
RIGHT.IT MAKES NO SENSE..WERE NOT ANIMALS.THERES A COUPLE OF US IN MY UNIT THAT ARE FEELING
SICK..THIS IS UNACCEPTABLE.

Communications / Case Actions

12/3/2021 8:35:48 AM : ( Isaac Bullock ) wrote
The following issue has been verified and addressed. Corrective actions have been taken.
You will need to complete a Health Service Request form to address your medical concerns.

12/9/2021 5:51:52 PM : ( a744263 ) wrote
IVE BEEN ON QUARENTINE FOR THREE DAYS AND I FEEL THAT YALL HIT US WITH RETALIATION.I NEVER
SAID I HAD COVID SYMPTOMS,YALL DID.MY STOMACH WAS MESSED UP.AND I AM SCARED TO EAT IN THE
DINING HALL.I FEEL AS IF WERE BEING PUNISHED FOR STANDING UP AND DOING THE RIGHT THING.IVE
BEEN IN CONTACT WITH MY ATTORNEY.SINCE IM BEING HARRASSED BY INMATES AND STAFF
NOW.FURTHER ACTION WILL BE TAKEN IF NECESSARY.

12/10/2021 1:19:56 PM : ( Isaac Bullock ) wrote
The issues within your complaint were addressed in the Informal Complaint.  Be advised additional issues raised in the
grievance that were not raised in the ICR will not be addressed in this disposition.
Be advised the inmate grievance procedure cannot be used as a kite system under DRC policy 50-PAM-02. A kite is
used to facilitate appropriate two-way communication.
The concerns within your complaint were appropriately addressed in the ICR.  Therefore, this grievance is denied. This
office will take no further action regarding this matter.

EXHIBIT  1h

37

## **PROOF OF SERVICE**

I certify that a true copy of this complaint has been sent by Regular U.S. mail to the below listed Defendant's:

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION
4545 Fisher Rd.
Columbus Ohio, 45321

Wanza Mitchell –Jackson
5787 State route 63
Lebanon Ohio, 45036

Isaac Bullock
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Sgt. Maggard"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Unit Manager Williams"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Unit Manager Kearns"
5787 State route 63
Lebanon Ohio, 45036

David Agee
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
Lt. "Tatman "
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Lt.Sandridge"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Koch",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Wells"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Sedlitz"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Morris"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Health Care Administrator"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Sky Murray"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Physician"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Penunzio"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Deputy "Luneke"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Captain Back"
5787 State route 63
Lebanon Ohio, 45036

John Doe known a
"C.O Epperson"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Farmer"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Unit Manager Machintosh"
5787 State route 63
Lebanon Ohio, 45036

Aramark Correctional Services LLC
2400 Market Street
Philadelphia, Pa 19103-3041

Aramark "supervisor"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Rachel"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Woods"
5787 State route 63
Lebanon Ohio, 45036

Natasha Arentz
Nurse Practitioner
5787 State route 63
Lebanon Ohio, 45036

Lt. Kayla Stebleton
5787 State route 63
Lebanon Ohio, 45036

Deputy Warden Robert Welch
5787 State Route 63
Lebanon Ohio 45306

And electronically filed both on this _10_ day of October 2023.

_Norman Burke_

Norman Burke
Inmate No.744263
15802 State Route 104 N
Chillicothe, Ohio 45601

**PLAINTIFF-PRO SE.**

38

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Norman Burke                                          Case No: 2:22-CV-04421

      Plaintiff,

Vs.                                                          Judge: Marbely
                                         Magistrate Judge: Deavers

Aramark Correctional Services et al,

      Defendant.

---

## MOTION TO ISSUE SERVICE

---

Now comes Plaintiff Norman Burke, acting in Pro Se, fashion respectfully moving this

Honorable court to grant his Motion to Issue service. Memorandum in Support attached hereto.


Norman Burke
Inmate No. A744263
15802 State Route 104 N
Chillicothe Ohio, 45601

**PLAINTIFF-PRO SE.**

*i*

## MEMORANDUM IN SUPPORT

Plaintiff through a public records request O.R.C 149.43 was able to gain the actual names of the Lieutenant and the Correctional Officer who was working the chow hall on November 27, 2021. Defendant Aramark Worker Ms. Woods fed Plaintiff and the other inmates food that had been discarded for trash and was thrown away and had trash that was swept up from the floor dumped on top of it , the Defendant also tried washing off the remnants of dirt and bacteria with a pitcher of water before sending the food back out to the serving line to be served to Plaintiff.

Plaintiff alleges in his Original Complaint that Lt. Sandridge and C.O. Ms. Sedlitz was put on notice that the food was contaminated and they decided through their Official Capacity to order the food be served anyway. Plaintiff only discovered their actual names recently.

1. Lt. Sandman Saunders is now named Lt. Sandridge.
2. Correctional Officer Ms. S is now named C.O. Ms. Sedlitz
3. Correctional Officer Cook is now named C.O Mr. Koch.
4. Aramark correctional Service LLC address is now changed from 5787 state route 63 Lebanon, Ohio 43206 to now Aramark correctional Service LLC 2400 Market Street, Philadelphia, Pa 19103-3041.
5. Lt. Kayla Stebelton 5787 state route 63 Lebanon, Ohio 43206
6. Deputy warden Robert Welch 5787 state route 63 Lebanon, Ohio 43206

The new named Defendants were previously named incorrectly also to correct the record for the Courts purposes. Plaintiff would like to add two new Defendants. Lt. Kayla Stebelton 5787 state route 63 Lebanon, Ohio 43206, Deputy warden Robert Welch 5787 state route 63 Lebanon, Ohio 43206. These new Defendants were the first to know of the incident regarding Aramark feeding Plaintiff food that had already been thrown in the trash can and had been contaminated, and not providing any medical care to Plaintiff. Lt. Kayla Stebelton 5787 state route 63 Lebanon, Ohio 43206 wrote the incident report on December 01, 2021 and forwarded the report to Deputy Warden Robert Welch. However, Plaintiff wrote Health Service Request

forms starting on December 02, 2021. It took the administration at the institution until December 05, and December 06, 2021 to get the Plaintiff to medical.

## CONCLUSION

**WHEREFORE,** the Plaintiff concludes that this Honorable Court should grant his motion to issue service.

Respectfully submitted,

Norman Burke

3

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

)
)
)
)
Norman Burke )
_____ )
Plaintiff(s) )
v. ) Civil Action No.
)
)
)
)
Aramark Correctional Services, et al), )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Aramark Correctional Services LLC
2400 Market Street
Philadelphia, PA 19103-3041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, oh 45601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____
*Signature of Clerk or Deputy Clerk*

4

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Norman Burke | COURT CASE NUMBER 2:22-cv-4421 |
| DEFENDANT Aramark Correctional Services, et al., | TYPE OF PROCESS Civil |

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**SERVE AT** {
Aramark Correctional Services LLC
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
2400 Market Street, Philadelphia PA 19103-3041
}

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
| Norman Burke Inmate no: A744-263 15802 State Route 104N Chillicothe, Ohio 45601 | Number of process to be served with this Form 285 — 1 |
| | Number of parties to be served in this case — 29 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                      Fold

| Signature of Attorney other Originator requesting service on behalf of: Norman Burke | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 9/23/23 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ____ | District to Serve No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or {Amount of Refund*) |

REMARKS:

| **PRINT 5 COPIES:** | 1. CLERK OF THE COURT | PRIOR EDITIONS MAY BE USED |
| | 2. USMS RECORD | |
| | 3. NOTICE OF SERVICE | |
| | 4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal. | Form USM-285 Rev. 12/15/80 |
| | 5. ACKNOWLEDGMENT OF RECEIPT | Automated 01/00 |

5

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| Norman Burke | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Aramark Correctional Services, et al., | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Deputy Warden Robert Welch
5787 State Route 63
Lebanon, Ohio 45036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, Ohio 45601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

6

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Norman Burke | 2:22-cv-4421 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Aramark Correctional Services, et al., | Civil |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Deputy Warden Robert Welch

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

5787 State Route 63, Lebanon Ohio 45036

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Norman Burke<br>Inmate no: A744-263<br>15802 State Route 104N<br>Chillicothe, Ohio 45601 | Number of process to be served with this Form 285: 1 |
| | Number of parties to be served in this case: 29 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold

Fold

| Signature of Attorney other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| *Norman Burke* | | 9/23/23 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

7

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| Norman Burke | ) | |
| _Plaintiff(s)_ | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. |
| Aramark Correctional Services, et al., | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Lt. Kayla Stebelton
9781 State Route 63
Lebanon, Ohio 45036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, Ohio 45601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

8

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

Case: 2:22-cv-04421-ALM-EPD Doc #: 16 Filed: 11/02/23 Page: 52 of 57 PAGEID #: 244

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Norman Burke | 2:22-cv-441 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Aramark Correctional Services, et al. | Civil |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Lt. Kayla Stebelton

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

5787 State Route 63, Lebanon Ohio

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, Ohio 45601

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 29 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold

Fold

Signature of Attorney other Originator requesting service on behalf of:

Norman Burke

☑ PLAINTIFF
☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| | 9/23/22 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | | | |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

9

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| Norman Burke <br> _Plaintiff(s)_ <br><br> v. <br><br> Aramark Correctional Services, et al., <br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Lt. David Sandridge
5787 State Route 63
Lebanon, Ohio 45036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, Ohio 45601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                                    _Signature of Clerk or Deputy Clerk_

10

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

## PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Norman Burke | COURT CASE NUMBER 2:22-cv-4421 |
|---|---|
| DEFENDANT Aramark Correctional Services, et al, | TYPE OF PROCESS CV1 |

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**SERVE AT** Lt. David Sandridge

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
5787 State Route 63, Lebanon, Ohio 45036

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Norman Burke<br>Inmate no: A744-263<br>15802 State Route 104 N<br>Chillicothe, Ohio 45601 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 29 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,*
*All Telephone Numbers, and Estimated Times Available for Service):*

Fold        Fold

| Signature of Attorney other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 9/23/23 |
|---|---|---|
| *Norman Burke* | | |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | | |
|---|---|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

**PRINT 5 COPIES:**   1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

11

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

)
)
)
)
Norman Burke )
_____ )
Plaintiff(s) )
v. ) Civil Action No.
)
)
)
)
Aramark Correctional Services, et al., )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
C.O Ms. Sedlitz
5787 State Route 63
Lebanon, Ohio 45036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Norman Burke
Inmate no: A744-263
15802 State Route 104N
Chillicothe, Ohio 45601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                            *Signature of Clerk or Deputy Clerk*

12

USM 285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF  Norman Burke | COURT CASE NUMBER  2:22-cv-4421 |
|---|---|
| DEFENDANT  Aramark Correctional Services, et al. | TYPE OF PROCESS  Civil |

SERVE AT {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

C.O Ms. Sedlitz

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

5787 State Route 63, Lebanon, Ohio 45036

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Norman Burke  Inmate No: A744-263  15802 State Route 104N  Chillicothe, Ohio 45601 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 29 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold

Fold

| Signature of Attorney other Originator requesting service on behalf of:  Norman Burke | ☑ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER | DATE  9/23/23 |
|---|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin  No. ___ | District to Serve  No. ___ | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | | |
|---|---|---|---|
| Address (*complete only different than shown above*) | Date | Time | ☐ am  ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

| PRINT 5 COPIES: | 1. CLERK OF THE COURT  2. USMS RECORD  3. NOTICE OF SERVICE  4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.  5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED  Form USM-285  Rev. 12/15/80  Automated 01/00 |
|---|---|---|

13

## **PROOF OF SERVICE**

I certify that a true copy of this motion has been sent by Regular U.S. mail to the below listed Defendant's:

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION
4545 Fisher Rd.
Columbus Ohio, 45321

Wanza Mitchell –Jackson
5787 State route 63
Lebanon Ohio, 45036

Isaac Bullock
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Sgt. Maggard"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Unit Manager Williams"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Unit Manager Kearns"
5787 State route 63
Lebanon Ohio, 45036

David Agee
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
Lt. "Tatman "
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Lt.Sandridge"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Koch",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Wells"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Sedlitz"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Morris"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Health Care Administrator"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Sky Murray"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Physician"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Penunzio"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Deputy "Luneke"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Captain Back"
5787 State route 63
Lebanon Ohio, 45036

John Doe known a
"C.O Epperson"
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Farmer",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Unit Manager Machintosh"
5787 State route 63
Lebanon Ohio, 45036

Aramark Correctional Services LLC
2400 Market Street
Philadelphia, Pa 19103-3041

Aramark "supervisor"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Rachel"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Woods"
5787 State route 63
Lebanon Ohio, 45036

Natasha Arentz
Nurse Practitioner
5787 State route 63
Lebanon Ohio, 45036

Lt. Kayla Stebleton
5787 State route 63
Lebanon Ohio, 45036

Deputy Warden Robert Welch
5787 State Route 63
Lebanon Ohio 45306

And electronically filed both on this _10_ day of October 2023.

Norman Burke
Inmate No.744263
15802 State Route 104 N
Chillicothe, Ohio 45601

**PLAINTIFF-PRO SE.**

14