**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NORMAN BURKE, | : | |
| | : | **Case No. 2:22-cv-4421** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **ARAMARK CORRECTIONAL** | : | |
| **SERVICES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

**STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Now come Named and recently Served State Defendants, Wanza Jackson-Mitchell, Douglas Luneke, Isaac Bullock, and Robert Welch, by and through undersigned counsel, and join the previously served State Defendants, David Agee, Raymond Corbett, Fredrick Epperson, William Harlan, Meredyth McLaughlin, David Sandridge, Melissa Sedlitz, Timothy Tatman, Stephen Williams, Renee Myers-Carnes ("Kearns"), Interested Party State of Ohio ("State Defendants[1]"), and respectfully move for Judgment on the Pleadings pursuant to Federal Civil Rule 12(C). State Defendants ask that the Court adopt the reasonings set forth in the previously filed Motion for Judgment on the Pleadings. [Doc. 52]. Plaintiff's Second Amended Complaint [Doc. 16] fails to state a claim for relief against any State Defendant. At minimum, the individual State Defendants are entitled to qualified immunity. Plaintiff cannot establish that State Defendants violated any of Plaintiff's clearly established constitutional rights. A Memorandum in Support of this Motion is attached.

---

[1] Plaintiff names several Aramark Employees and references Jane/John Doe Aramark Employees. Pursuant to Ohio Rev. Code Ann 109.36, the Ohio Attorney General does not represent such an entity or its employees. State Defendants previously responded and filed their Motion for Judgment on the Pleadings.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/Matthew P. Convery
MATTHEW P. CONVERY (0095704)*
    *Lead Counsel
MARCY VONDERWELL (0078311)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: 614-644-7233/F: 866-473-4883
Matthew.Convery@OhioAGO.gov
Marcy.Vonderwell@OhioAGO.gov

Counsel for State Defendants

2

**MEMORANDUM IN SUPPORT**

## I.      Introduction and Procedural History

Recently served State Defendants, Wanza Jackson-Mitchell, Douglas Luneke, Isaac Bullock, and Robert Welch, adopt the Introduction and Procedural History set forth in "Defendants' Motion for Judgment on the Pleadings" [Doc. 52; PageID # 673-674] as if fully rewritten.

## II.     Statement of Facts

Recently served State Defendants Wanza Jackson-Mitchell, Douglas Luneke, Isaac Bullock, and Robert Welch, adopt the Statement of Facts set forth in "Defendants' Motion for Judgment on the Pleadings" as if fully rewritten. [Doc. 52; PageID # 674-679]. Plaintiff alleges six (6) claims against all Defendants: deliberate indifference; failure to train; concurrent negligence; culpable negligence; emotional distress; and equal protection. [Doc. 16; PageID # 220, 221].

As it specifically relates to Wanza Jackson-Mitchell, Douglas Luneke, Isaac Bullock, and Robert Welch, Plaintiff makes only vague and conclusory allegations. Specifically, the extent of Plaintiff's allegations concerning State Defendant Jackson-Mitchell is that she arrived and was speaking with medical staff. [Doc. 16; PageID # 215]. The sum of Plaintiff's allegations against State Defendant Welch concerns his supervisory role as Deputy Warden. [Doc. 16; PageID# 208]. Specifically, that State Defendant Welch signed an incident report on December 3, 2021, and Plaintiff alleges he did not go to medical until December 5, 2021. *Id.*  Notably, on December 3, 2021, State Defendant Bullock instructed Plaintiff to complete a Health Service Request form to address his medical concerns. [Plaintiff's Exhibit 1h, Doc. 16; PageID # 234].

Plaintiff alleges that upon being notified through Plaintiff's filing of an Informal

3

Complaint, State Defendant Bullock informed Plaintiff that the issue has been addressed, and corrective actions have been taken. [Doc. 16; PageID # 209]. Moreover, State Defendant Bullock instructed Plaintiff to complete a Health Service request form to address his medical needs. *Id*. Plaintiff's sole allegations as it applies to State Defendant Luneke is that he held a town hall meeting to provide information to incarcerated persons concerning the alleged incident. [Doc. 16; PageID #216]. During the meeting, Plaintiff alleges that State Defendant Luneke did not answer questions on behalf of Aramark, and said pending transfers were still at least eight (8) weeks away. *Id.*

## III.    Law and Argument

State Defendants adopt the Law and Argument section set forth in "Defendants' Motion for Judgment on the Pleadings" as if fully rewritten. [Doc. 52; PageID# 422-442]. As it applies to all the State Defendants, Plaintiff merely recites "Defendant's (sic) name in Paragraph 3 through 29 (as if fully rewritten herein) each * * *" and then asserts blanket unspecified legalized theories against all defendants, an allegation that is factually impossible given their different jobs, schedules, roles and positions within the Correction facility. [*See* Doc. 16; PageID# 213; 215; 217; 220; 221]. The collective acts of defendants cannot be ascribed to each individual defendant and are not grounds to maintain a § 1983 claim. *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012)(citations omitted).

Further, even when each State Defendant is specifically named, Plaintiff failed to allege any personal involvement which allegedly violated Plaintiff's constitutional rights. *Davis v. Mich. Dep't of Corr. Bureau of Health Care Servs.*, No. 2:13-cv-253, 2013 U.S. Dist. LEXIS 128740, at *11-12 (W.D. Mich. Sep. 10, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal

construction afforded to pro se complaints."). Rather, Plaintiff based his allegations of liability upon being in a position of supervisory authority. *Respondeat superior*, however, is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable for the acts of their employees where the allegations against them are based solely on their right to control employees, or their "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421.

The Sixth Circuit analyzes prisoner claims for failure to provide adequate medical care under the Eighth Amendment deliberate indifference standard. *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1004 (S.D. Ohio 2017). The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). While "[a] serious medical need alone can satisfy this objective element if doctors effectively provide no care for it," *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021) (citing *Rinehart v. Scott*, 894 F.3d 721, 737 (6th Cir. 2018)), where "doctors provide some care and prisoners challenge their treatment choices as inadequate. . . . [P]risoners must show more." *Phillips*, 14 F.4th at 535 (citing *Anthony v. Swanson*, 701 F. App'x 460, 463–64 (6th Cir. 2017); *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The Eighth Amendment's objective component is satisfied only where the treatment provided "is 'so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips*, 14

F.4th at 535 (quoting *Rinehart*, 894 F.3d at 737). The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in providing inadequate medical care. *Farmer*, 511 U.S. at 834.

Plaintiff has failed to allege that any State Defendants were aware that he had a serious medical need and ignored the same. Rather, Plaintiff's allegations that State Defendants were deliberately indifferent to his serious medical needs are contradicted by Plaintiff's own verification that after he advised State Defendant Bullock that he was unwell, State Defendant Bullock advised him to seek medical treatment. [Doc. 16; PageID # 234; Plaintiff's Exhibit 1h]. These allegations are insufficient to state a claim of deliberate indifference to a serious medical need. Plaintiff failed to allege any personal involvement any of the State Defendants in any alleged constitutional violation. As such, the State Defendants are entitled to have the complaint dismissed. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Salehpour v. Univ. of Tenn.*, 150 F.3d 199, 206 (6th Cir. 1998).

Additionally, any claims against State Defendants based upon them being in a position of supervisory authority likewise fail. *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable for the acts of their employees where the claims against them are based solely on their right to control employees, or their "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy*, 729 F.2d at 421.

A suit against a state official in his or her official capacity is deemed a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's official capacity claims against State Defendants are barred by the Eleventh Amendment. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997).

Plaintiff offers no factual basis for his claim any of the State Defendants denied him equal

protection under the Fourteen Amendment. Instead, Plaintiff generally claims that all Defendants "intentionally targeted and discriminated against him treating him differently than others similarly situated without any rational basis for the difference." [Doc. 16; PageID #216]. The Equal Protection Clause requires the State to treat all similarly situated people equally. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Here, Plaintiff fails to allege any facts he was treated differently, or even to whom in comparison. [*See* generally Doc. 16]. As a result, this claim fails against State Defendants.

Finally, the State Defendants have qualified immunity, which shields them from liability for civil damages and the costs of trial or the burdens of broad-reaching discovery. *Harlow v. Fitzgerald*, 457 U.S. 800 (1972). Plaintiff is obligated to plead facts that, viewed in a light most favorable to him, make out a violation of a constitutional right so clearly established in a particularized sense that a reasonable individual confronted with the same situation would have known that their conduct violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741. None of the facts alleged and case law referenced by Plaintiff show that he had a constitutional right so clearly established in a particularized sense that any of the State Defendants reasonably should have known their personal conduct violated said purported constitutional right. As a result, this claim fails against the State Defendants.

**IV.     Conclusion**

The Court should grant the State Defendants' Motion for Judgment on the Pleadings. To the extent that any state claims remain, this Court should decline to exercise concurrent jurisdiction.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/Matthew P. Convery*
MATTHEW P. CONVERY (0095704)*
   **Lead Counsel*
MARCY VONDERWELL (0078311)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: 614-644-7233/F: 866-473-4883
Matthew.Convery@OhioAGO.gov
Marcy.Vonderwell@OhioAGO.gov

*Counsel for State Defendants*


**CERTIFICATE OF SERVICE**

I certify that a copy of *State Defendants' Motion for Judgment on the Pleadings* has been electronically filed on September 16, 2024, and served upon Plaintiff, via U.S. mail, postage prepaid, at the address below:

Norman Burke, #A744-263
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio 45601

*/s/Matthew P. Convery*
MATTHEW P. CONVERY (0095704)
Senior Assistant Attorney General

8